Minute Order Form (06/97)

55-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5387 | **DATE** | 3/30/2001 |
| **CASE TITLE** | USA vs. GARTH STENNETT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Stennett's petition to vacate, set aside or correct his sentence under Section 2255 is denied. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 0 2 2001 | |
| | Notified counsel by telephone. | date docketed | 6 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| v. ) | Nos. 00 C 5386 & 00 C 5387 |
| ) | Paul E. Plunkett, Senior Judge |
| JOHN LINCOLN WOOD and ) | |
| GARTH STENNETT, ) | |
| ) | |
| Petitioners. ) | |

## MEMORANDUM OPINION AND ORDER

John Lincoln Wood and Garth Stennett have filed identical petitions to vacate, set aside or correct their convictions and sentences under 28 U.S.C. § ("section") 2255. For the reasons set forth below, the petitions are denied and these cases are dismissed.

### Background

In 1989, Wood and Stennett were convicted on a variety of charges for their roles in an international drug conspiracy. See United States v. McKenzie, 922 F.2d 1323, 1325-26 (7th Cir. 1991). Wood was sentenced to 168 months in prison and five years of supervised release. (Wood Pet. at 1.) Stennett was sentenced to 188 months in prison and five years of supervised release. (Stennett Pet. at 1.) Their convictions and sentences were affirmed by the Seventh Circuit in 1991.

has been specifically declared retroactive by the Supreme Court may it be used as the basis for a successive motion...."); see also Talbott v. Indiana, 226 F.3d 866, 868-69 (7th Cir. 2000) (adhering to reasoning of Bennett in the face of contrary authority from Third Circuit). The court based its decision on the plain language of section 2255 ¶ 8(2), which says that a second or successive motion must be certified by the appropriate court of appeals to contain "a new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court*." Talbott, 226 F.3d at 869. Because the statute explicitly vests the Supreme Court with the authority to make retroactivity decisions, our court of appeals concluded, any other court's opinion on the matter is irrelevant.

The Seventh Circuit's reasoning is equally applicable to the statute of limitations provision in section 2255 ¶ 6(3). According to that provision, the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The second clause of that provision is conjunctive. Thus, the two phrases in it should be read together (i.e., newly recognized and made retroactively applicable by the Supreme Court), not in isolation (i.e., newly recognized by the Supreme Court and made retroactively applicable by any court). Cf. 1A NORMAN J. SINGER, STATUTES & STATUTORY CONSTRUCTION § 21.14, at 129 (5th ed. 1992) (noting that "the disjunctive 'or' usually ... separates words or phrases in the alternate relationship, indicating that either of the separate words or phrases may be employed without the other"). Though the words "by the Supreme Court" do not appear in the phrase "made retroactively applicable to cases on collateral review," they are implied in it by the conjunction. Consequently, the plain language of section 2255 ¶ 6(3), like that of the second or successive provision, leaves the retroactivity decision in the hands of the Supreme Court. See United States v. Valdez, 195 F.3d

544, 547-48 & n.7 (9th Cir. 1999) (assuming that retroactivity decision for section 2255 statute of limitations must be made by Supreme Court); In re Vial, 115 F.3d 1192, 1197 n.9 (4th Cir. 1997) (same); United States v. Hopwood, 122 F. Supp. 2d 1077, 1079-80 (D. Neb. 2000) ("[F]or purposes of applying the statute of limitations in § 2255, there is no need to resort to a retroactivity analysis under Teague . . . because the only pertinent inquiry is whether the Supreme Court has made its decision retroactively applicable to cases on collateral review."); Nodd v. United States, Nos. 90-00016-AH, 00-0850-AH-C, 2000 WL 1843835, at *1-2 (S.D. Ala. Oct. 16, 2000) (noting that section 2255 ¶ 6(3) is unavailable to prisoners relying on Apprendi because the Supreme Court has not declared it to be retroactively applicable to cases on collateral review); but see Jackson v. United States, No. Crim. 95-50029, 2000 WL 1855102, at *2-3 (E.D. Mich. Dec. 20, 2000) (relying on absence of phrase "by the Supreme Court" in second phrase of second clause of section 2255 ¶ 6(3) and legislative history of section 2264 to conclude that the retroactivity decision for section 2255 limitations purposes can be made by any court).

Even if the phrase "made retroactively applicable to cases on collateral review" were ambiguous, the language in the rest of 2255 ¶ 6(3) would suggest that retroactivity decisions are to be made by the Supreme Court. If Congress had intended that any court could determine that a right newly recognized by the Supreme Court was retroactively applicable to cases on collateral review, then that is what it would have said. It did not. That omission implies that the retroactivity decision will be made by the only court that is actually mentioned in the provision: the Supreme Court.

Viewing the limitations provision in the context of section 2255 as a whole further bolsters this conclusion. The only other provision in section 2255 that addresses retroactivity is the one pertaining to second or successive petitions. The goal of the two provisions is the same: to

eliminate petitions that are based on changes in the law that are not unquestionably retroactive. The second or successive provision states that retroactivity decisions are to be made by the Supreme Court. See 28 U.S.C. § 2255 ¶ 8(2). The limitations provision is in the same statute, serves the same purpose and uses similar language, all of which indicate that the arbiter of retroactivity is also the same: the Supreme Court.

In short, Apprendi is retroactively applicable to cases on collateral review for section 2255 limitations purposes only if the Supreme Court has determined that it is. It has not. See Talbott, 226 F.3d at 869 ("Apprendi does not state that it applies retroactively to other cases on collateral review" and "[n]o other decision of the Supreme Court applies [it] retroactively to cases on collateral review"). Because the Supreme Court has not decided that Apprendi has retroactive application to collateral attacks, section 2255 ¶ 6(3) provides no basis for tolling the statute of limitations on Wood and Stennett's section 2255 petitions.

Even if these petitions were timely, they would still have to be dismissed. As the Seventh Circuit has noted, "[a]ll Apprendi holds is that most circumstances increasing a statutory maximum sentence must be treated as elements of the offense[] and . . . established beyond a reasonable doubt to the jury's satisfaction." Id. at 869. "When a drug dealer is sentenced to less than 20-years' imprisonment [the default statutory maximum under 21 U.S.C. § 841(b)(1)(C), however,] . . . Apprendi is irrelevant . . . ." Id. The sentences petitioners received, 168 months of imprisonment for Wood and 188 months of imprisonment for Stennett, are well below the twenty-year maximum

set forth in 28 U.S.C. § 841(b)(1)(C). Because petitioners did not receive sentences in excess of the statutory maximum, <u>Apprendi</u> would not apply, even if the petitions were timely.[1]

### Conclusion

For the reasons set forth above, Wood and Stennett's petitions to vacate, set aside or correct their sentences under section 2255 are denied. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** 3-30-01

---

[1] Petitioners also argue that <u>Apprendi</u> renders 28 U.S.C. § 841(b) unconstitutional on its face, a claim we need not reach given our decision on the statute of limitations issue.